FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 JAN 15 AM 8:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, | ] ] ] | |
| Plaintiff(s), | ] ] | CV-01-N-0065-S |
| vs. | ] ] | |
| TORCHMARK CORPORATION, et al., | ] ] | |
| Defendant(s). | ] | |

ENTERED
JAN 15 2003

## MEMORANDUM OF OPINION

This cause is presently before the court for disposition of a motion to reconsider filed by plaintiff, Wausau Underwriters Insurance Company, (hereinafter, "Wausau") on April 19, 2002. (Doc. 65). The motion has been fully briefed by the parties and is ready for decision. The motion to reconsider will be GRANTED, and the court's opinion and order of April 2, 2002, will be MODIFIED as discussed below.

Wausau issued commercial general liability insurance (hereinafter, "CGL") policies to defendants Torchmark Corporation, Liberty National Life Insurance Company, United American Insurance Company, and United Investors Life Insurance Company (hereinafter referred to collectively as "Torchmark") between June 1, 1991, and June 1, 2000. Wausau brought this action seeking a declaration that it is not required to defend or indemnify under those CGL policies with respect to twenty-eight (28) lawsuits in which the Torchmark defendants are accused of fraudulent and negligent misrepresentation, fraudulent suppression, and negligent and wanton hiring, training and supervision.



On April 2, 2002, this court granted in part and denied in part Wausau's motion for summary judgment (Doc. 32), concluding that the Insurance and Related Operation Exclusion (hereinafter "IRO") and the Designated Professional Services Exclusion (hereinafter "DPS") in the CGL policies excluded coverage for all of the claims asserted against the defendants except the claims for negligent and wanton hiring, training and supervision. The court found, without disagreement from the parties, that the IRO and DPS precluded coverage for claims arising out of the rendering or failure to render professional services related to insurance, including the claims for fraudulent and negligent misrepresentation and fraudulent suppression in the underlying lawsuits. Nevertheless, the court found the claims of negligent and wanton hiring, training and supervision were not excluded from coverage by the IRO and DPS, because those claims were not predicated upon the improper rendering of professional services by the defendant.

However, in the present motion, Wausau has shown that there can be no viable claim under Alabama law for negligent and wanton hiring, training and supervision without first establishing a foundation of misconduct by Torchmark's employees. *Stevenson v. Precision Standard*, 762 So. 2d 820 (Ala. 1999)(clarifying that tort of negligent or wanton supervision and training established in *Big B, Inc. v. Cottingham*, 634 So.2d 999 (Ala. 1993) requires proof of employee's wrongful conduct). Thus, *Stevenson* compels the conclusion that the IRO and DPS exclude coverage for the claims for negligent and wanton hiring, training and supervision in the underlying lawsuits because those claims rest upon proof of the improper rendering of professional services.

2

Torchmark argues that, under *Capital Alliance Ins. Co. v. Thorough-Clean*, 639 So.2d 1349 (Ala. 1994), this court must look at the intent of the insured employer rather than focus on the actions that caused the injury. However, the *Capital Alliance* court was concerned with a different exclusion common to CGL policies - whether the insured expected or intended the alleged bodily injuries. The IRO and DPS exclusions do not turn on the intent of the insured.

Accordingly, the court's opinion of April 2, 2002, shall be MODIFIED to provide that the IRO and DPS exclusions in the CGL policies issued by Wausau preclude coverage for any of the claims presented in the underlying lawsuits, including the claims of negligent and wanton hiring, training and supervision. Wausau's motion for summary judgment will be GRANTED, and judgment in favor of Wausau will be entered.

In view of the disposition of this single motion, the remaining pending motions are MOOT.

Done, this ___14th___ of January, 2003.

_____
Edwin L. Nelson
United States District Judge

3